# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

              Plaintiff,        Case No. 19-20367

v.                                  Judith E. Levy
                                      United States District Judge

Daysjohn Cordell Yancy,

              Defendant.

_____/

## ORDER DENYING REQUEST AND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [3, 4]

Before the Court is *pro se* Defendant Daysjohn Cordell Yancy's request and motion for early termination of supervised release. (ECF Nos. 3, 4.) On February 2, 2021, the Probation Department submitted a letter to the Court concerning Defendant's request for supervised release. For the reasons stated below, the Court will deny Defendant's request and motion.[1]

---

[1] Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the request and motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2).

## I. Background

On February 9, 2017, Defendant was sentenced in the Eastern District of Kentucky to 57 months' imprisonment followed by a three-year term of supervised release after pleading guilty to one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. (ECF No. 1-2, PageID.6.) On May 15, 2019, Defendant began his three-year term of supervised release. On June 5, 2019, a request was submitted to transfer jurisdiction of Defendant's supervised release from the Eastern District of Kentucky to the Eastern District of Michigan (ECF No. 1), which was accepted that same day. (ECF No. 2.) Defendant now seeks early termination from his supervised release.

## II. Legal Standard

Early termination of supervised release is permitted under 18 U.S.C. § 3583(e)(1), after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). In evaluating whether to terminate a defendant's term of supervised release, the Court

may consider several factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Such factors include, when applicable: (1) "the nature and circumstances of the offense and the history and characteristics of defendant"; (2) the need "to protect the public from further crimes of the defendant"; (3) the need "to afford adequate deterrence to criminal conduct"; and (4) the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D).

### III. Analysis

Defendant asks the Court to terminate his three-year term of supervised release with approximately a year remaining in his term. (ECF Nos. 3, 4.) Defendant contends that he merits early termination of his supervised release because he "has had no violations of his supervised release" (ECF No. 4, PageID.27), with the exception of "a ticket" that he has addressed. (ECF No. 3, PageID.25.) Defendant asserts that he has maintained a job since his arrival in a halfway house, paid all outstanding fines, is enrolled as a student at a community college, and successfully completed "a 500-hour drug program, TDAP and another

3

drug program." (ECF No. 3, PageID.25; ECF No. 4, PageID.28.) Defendant further indicates that he has helped with the care of his younger siblings following his mother's death earlier in the year 2020. (ECF No. 3, PageID.25.) Defendant also asserts that he has "surrounded himself with a different (more stable, gainfully employed and non-criminal) support system" and provides a letter from his brother in support. (ECF No. 4, PageID.28, 31–32.)

The Probation Office reports that Defendant has been assessed as a low-risk administrative client. However, the Probation Office reports two instances of Defendant's noncompliance with conditions of his supervised release, both stemming from a traffic stop in October of 2020 in which Defendant was issued a citation for speeding 16+ over the limit and misdemeanor failure to display a valid license. At the time of this traffic stop, Defendant had an outstanding ticket out of Warren, Michigan, which led to the suspension of Defendant's driver's license. In addition to receiving this citation, Defendant failed to notify his Probation Officer within seventy-two hours of his encounter with law enforcement and, when Defendant did notify his Probation Officer, he solely reported the civil infraction for speeding. Additionally, Defendant

did not resolve the outstanding court case until instructed to do so by his Probation Officer; the case has now since been paid and closed. Accordingly, the Probation Office does not recommend early termination.

The Court appreciates that Defendant is making good progress and has less than one year remaining on his term of supervised release. He is to be congratulated on his positive contribution to his family and the community. However, consideration of the relevant factors outlined in 18 U.S.C. § 3553(a) weigh against early termination of Defendant's supervised release. Although Defendant has complied with most terms of his supervised release, it appears that he has not refrained from criminal conduct during his term of supervised release nor complied with the condition to report encounters with law enforcement. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D). Accordingly, the Court will deny Defendant's request and motion for early termination of supervised release.

## IV.   Conclusion

For the reasons set forth above, the Court DENIES Defendant's request and motion for early termination of supervised release.

IT IS SO ORDERED.

Dated: April 14, 2021                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager